**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| BRYANT SEMENZA,<br>　　　　　　Appellant,<br><br>　　　　v.<br><br>OFFICE OF PERSONNEL<br>　　MANAGEMENT,<br>　　　　　　Agency. | DOCKET NUMBER<br>PH-0845-18-0448-X-1<br>PH-0845-18-0448-C-1<br><br><br><br>DATE: January 3, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Andrew J. Race</u>, Esquire, Lebanon, Pennsylvania, for the appellant.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

This case is before the Board pursuant to a June 27, 2024 Board Order, which reversed the compliance initial decision and found the agency in noncompliance with a settlement agreement. *Semenza v. Office of Personnel Management*, MSPB

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Docket No. PH-0845-18-0448-C-1, Order (Order) (June 27, 2024); *Semenza v. Office of Personnel Management*, MSPB Docket No. PH-0845-18-0448-C-1, Compliance Initial Decision (Nov. 23, 2020). For the reasons set forth below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENT AND EVIDENCE ON COMPLIANCE

On April 17, 2019, the appellant and the Office of Personnel Management (OPM) entered into a settlement agreement resolving the appellant's appeal from OPM's determination that the appellant had been overpaid annuity supplements. Order at 2. The appellant filed the instant petition for enforcement alleging that OPM had failed to comply with the parties' settlement agreement by failing to determine whether the appellant was eligible for an annuity supplement, and accordingly to apply any unpaid annuity to an annuity overpayment debt. *Id.* at 3. The administrative judge issued a compliance initial decision finding that the agency had complied with the settlement agreement. *Id.* The appellant filed a petition for review, and on June 27, 2024, the Board reversed the compliance initial decision, holding that the settlement agreement required OPM to determine whether the appellant was eligible for an annuity supplement. Order at 4-6. The Board ordered OPM to submit satisfactory evidence of compliance within 45 days of the decision. *Id.* at 8. The Board's Order also included a statement that the appellant could respond to OPM's evidence of compliance within 20 days of the date of service of OPM's submission, and if he did not respond, "the Board may assume he is satisfied with OPM's actions and dismiss the petition for enforcement." *Id.* at 8-9.

On September 3, 2024, OPM submitted a statement that it had reviewed the appellant's eligibility for an annuity supplement and had determined that he was eligible to have the supplement reinstated. OPM stated that it had issued the appellant a payment of $23,616.30 on February 7, 2024, which represented annuity supplement payments of $1,312.00 per month from July 1, 2018 through June 30,

2019, and July 1, 2019 through December 30, 2019. *Semenza v. Office of Personnel Management*, MSPB Docket No. PH-0845-18-0448-X-1, Compliance Referral File (CRF), Tab 2 at 5. OPM also stated that the appellant had previously paid back all of his annuity overpayment debt, so none of the unpaid annuity was applied towards that debt. *Id.* OPM further submitted a February 7, 2024 letter sent to the appellant informing him of the amount of the annuity supplement and the calculation of his underpayment. CRF, Tab 3.

The appellant has not responded to OPM's submission.

A settlement agreement is a contract and, as such, will be enforced in accordance with contract law. *Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 8 (2014). The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order. *Id.* In a proceeding to enforce a settlement agreement, the party alleging noncompliance with the agreement has the burden of proof. *Modrowski v. Department of Veterans Affairs*, 97 M.S.P.R. 224, ¶ 7 (2004). However, when an appellant makes specific allegations of noncompliance, as the appellant did here, it is the agency's burden to produce relevant evidence within its control showing compliance with its agreement or showing good cause for its failure to comply. *Id.*

Here, OPM filed evidence of compliance and an explanation of its calculations, to which the appellant did not respond, despite being apprised that the Board might construe lack of response as satisfaction with OPM's response. Accordingly, in light of the appellant's failure to respond, we find that OPM is now in full compliance with the settlement agreement and the Board's June 27, 2024 Order, and we dismiss the petition for enforcement.

This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS**[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil

action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9) (A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.